IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,720






EX PARTE MARK ALLEN ROBERTSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY





 Meyers, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Womack, Johnson, Keasler, Hervey, and Holcomb, JJ., joined. Cochran, J.,
did not participate. 

 

O P I N I O N



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure, Article 11.071, §5. (1)

 Applicant was convicted of the offense of capital murder. The jury returned
answers to the special issues submitted under Article 37.071, and the trial court,
accordingly, set punishment at death. Applicant's conviction was affirmed on direct
appeal. Robertson v. State, 871 S.W.2d 701 (Tex. Crim. App. 1993). Applicant filed his
initial habeas corpus petition in 1997 and this Court denied relief.

 In the instant cause, Applicant presents a single allegation challenging the validity
of this conviction and resulting sentence. Specifically, Applicant argues that the
nullification instruction impermissibly limited the jury's ability to consider and give effect
to mitigating evidence presented during the trial. We granted Applicant's stay of
execution, and this cause was filed and set, awaiting the outcome of a similar case
pending before this Court, Ex Parte Laroyce Lathair Smith, 132 S.W.3d 407 (Tex. Crim.
App. 2004). However, on June 24, 2004, the United States Supreme Court decided
Tennard v. Dretke, 124 S. Ct. 2562, and specifically disapproved of the test used by the
Fifth Circuit in Penry claims; the same test used in the Fifth Circuit decision in the case
before us, Robertson v. Cockrell, 325 F.3d 243 (5th Cir. 2003), and also applied by this
Court in Ex Parte Smith. As a result, the Supreme Court reversed our decision in Smith v.
Texas, 125 S. Ct. 400 (November 15, 2004), holding that this Court assessed the claim
under an improper legal standard. Accordingly, the legal basis for Applicant's claim was
unavailable on the date he filed the previous application, and he meets the requirements
of Article 11.071 §5(a)(1). The cause is remanded to the trial court for consideration of
Applicant's claim. See Art. 11.071 §6(b), V.A.C.C.P.

 Meyers, J.



Delivered: March 16, 2005

Do Not Publish
1. All references to Articles refer to the Texas Code of Criminal Procedure.